IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

                Plaintiff,                      OPINION & ORDER

  v.

                                                      14-cv-481-jdp

MICHAEL A. DITTMANN,
MICHAEL MEISNER,
EDWARD F. WALL,
SANDY HAUTAMAKI,
DAVID MELBY,
DONALD MORGAN,
MARY LEISER,
JANEL NICKEL, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

---

      Pro se prisoner Dennis Tonn has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that defendants violated his constitutional rights during a disciplinary hearing that addressed plaintiff's misuse of prescription drugs. Specifically, plaintiff alleges that defendants violated his double jeopardy rights by imposing both restitution and time in segregated confinement as punishment for his infraction. Dkt. 1. Plaintiff further alleges that defendants violated his due process rights when they ordered him to pay restitution without sufficient evidence of the true restitution amount. *Id.*

      Plaintiff has paid the filing fee in full. The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing plaintiff's complaint with this principle in mind, I

conclude that it fails to state a claim upon which relief can be granted. I will therefore dismiss this case in its entirety.

With his complaint, plaintiff also filed a motion to "stay or hold in abeyance restitution," Dkt. 2, which I construe as a motion for a preliminary injunction, and he filed a motion for assistance in recruiting counsel, Dkt. 3. Because I will dismiss this case for failure to state a claim, I will deny both motions as moot.

ALLEGATIONS OF FACT

In his complaint, plaintiff alleges the following facts.

Plaintiff is currently a prisoner at the Columbia Correctional Institution (CCI), located in Portage, Wisconsin. Defendants are CCI personnel who were involved in the disciplinary action that gave rise to plaintiff's complaint.

On July 29, 2013, a disciplinary committee found plaintiff guilty of misusing prescription medication, in violation of Wis. Admin. Code DOC § 303.58(3).[1] The committee determined that plaintiff's punishment would consist of 90 days in segregated confinement and restitution in the amount of $1,350. The restitution was to compensate CCI for funds that the institution spent to send plaintiff and other inmates to the hospital. Since the hearing, CCI has started deducting portions of plaintiff's incoming funds to pay the restitution he now owes.

Plaintiff does not contend that he is innocent of the charged conduct, nor does he object to the time he was required to serve in segregated confinement. Rather, plaintiff alleges that there was no evidence offered during his disciplinary meeting to support restitution in the amount of $1,350. Plaintiff was never presented with a medical bill, receipts, or other proof that

---

[1] Plaintiff alleges that he was found guilty of violating Wis. Admin. Code DOC § 303.57(3). Dkt. 1, at 3. No such provision exists, so the court assumes plaintiff meant to refer to § 303.58.

the amount covers expenses that he caused CCI to incur. According to plaintiff, defendants are unlawfully forcing him to pay restitution for other inmates' actions or for expenses that CCI cannot prove it ever paid.

ANALYSIS

I understand plaintiff to assert two different Fifth and Fourteenth Amendment claims against defendants. First, plaintiff contends that the disciplinary committee violated his double jeopardy rights by imposing two consequences for the same rule infraction. Second, plaintiff contends that the disciplinary committee violated his procedural due process rights by ordering him to pay restitution without having sufficient evidence as to the loss CCI suffered because of plaintiff's actions. Both claims have fundamental defects and plaintiff cannot proceed on either. I will therefore dismiss this case because plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff cannot proceed on his double jeopardy claim because he is challenging an internal prison disciplinary decision, not a criminal prosecution. The Fifth Amendment provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." But "[t]he Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (original emphasis). Prison disciplinary proceedings are not criminal proceedings. *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994) ("[P]rison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts. . . . Every other Circuit that has addressed this issue has agreed.") (internal citations omitted); *see also Miller v. Linder*, No. 05-cv-539, 2005 WL 2704909, at *4 (W.D. Wis. Oct. 20, 2005) ("[P]rison discipline does not constitute 'punishment' for purposes of the double jeopardy clause."). Nor do the two distinct components

of plaintiff's punishment constitute "double" punishment for his rule violation. *Anderson v. Raemisch*, No. 09-cv-132, 2009 WL 806588, at *3 (W.D. Wis. Mar. 26, 2009) ("[T]he fact that prison officials have chosen to provide more than one type of discipline for a prisoner's misconduct does not make the different types of discipline 'double' punishment."); *see also United States v. Torres*, 28 F.3d 1463, 1464 (7th Cir. 1994) ("[T]he double jeopardy clause does not bar cumulative punishments imposed in a single proceeding—whether these punishments be the ordinary combination of prison plus a fine, or consecutive terms in prison, or prison plus a forfeiture."). Plaintiff therefore cannot state a claim against defendants for violating his Fifth Amendment double jeopardy rights.

Likewise, plaintiff cannot proceed on his procedural due process claim. In *Hamlin v. Vaudenberg*, 95 F.3d 580 (7th Cir. 1996), the Seventh Circuit summarized the test for analyzing such claims. The court explained that "[f]irst, we determine whether the defendants deprived [plaintiff] of a protected liberty or property interest. Second, we determine what process was due. . . . In addition, if we determine that [plaintiff]'s claim involves 'random and unauthorized' conduct by the defendants, then [plaintiff] must demonstrate that state law remedies are inadequate." *Hamlin*, 95 F.3d at 584. I will assume that plaintiff has a property interest in the funds CCI is deducting, but even if plaintiff's complaint alleges insufficient process—a dubious proposition, as discussed below—he cannot show that Wisconsin's post-deprivation remedies are inadequate.

"The requirements of due process are considerably relaxed in the setting of prison discipline," *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002), and plaintiff simply does not allege that defendants' conduct fell below this relaxed standard. Plaintiff acknowledges that he received an in-person hearing before a disciplinary committee and does not allege insufficient notice of the hearing or bias on the part of the hearing officers. Instead, plaintiff's complaint

4

alleges that the committee never provided him with documentary evidence to establish that he was responsible for costing CCI $1,350 in medical bills. But it is unlikely that the due process clause required the committee to present plaintiff with every piece of inculpatory evidence. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) ("Inmates have no right to confront and cross examine adverse witnesses; thus, a disciplinary board's decision is not limited to evidence presented at the hearing."); *Moreno v. Buss*, 523 F. Supp. 2d 878, 881 (N.D. Ind. 2007) ("[I]nculpatory physical evidence need not be presented at the hearing.").

Even assuming that plaintiff had the right to see records of the medical bills CCI incurred, he has adequate state remedies available for that alleged wrong. Only "*predictable* deprivations of liberty or property which flow from authorized conduct are compensable under § 1983." *Easter House v. Felder*, 910 F.2d 1387, 1402 (7th Cir. 1990) (emphasis added). Here, plaintiff alleges that defendants "imposed a randomly selected outrageous restitution amount," in violation of the federal and Wisconsin constitutions. Dkt. 1, at 5. Under Wisconsin law, a prison's disciplinary committee "must follow the applicable procedures and lacks discretion in determining how to carry out those procedures." *Hamlin*, 95 F.3d at 584. This lack of discretion renders plaintiff's alleged procedural violations unpredictable, and means that his complaint alleges "random and unauthorized" conduct by defendants.

To state a procedural due process claim for such "random and unauthorized" conduct, plaintiff must demonstrate that his post-deprivation procedures would be inadequate. In Wisconsin, prisoners can challenge disciplinary decisions through a writ of certiorari to a state trial court, which then reviews the decision for reasonableness, compliance with regulations, and violations of due process. *State ex rel. L'Minggio v. Gamble*, 2003 WI 82, ¶ 20, 263 Wis. 2d 55, 667 N.W.2d 1. The Seventh Circuit has reviewed these remedies and held that "they provide all the process that is constitutionally required." *Hamlin*, 95 F.3d at 585. Plaintiff has not alleged

5

that a writ of certiorari would have been inadequate to remedy the restitution order; and indeed, any such allegation would fail in light of *Hamlin*. Plaintiff's complaint therefore fails to state a claim for a violation of his procedural due process rights.

Plaintiff has failed to plead any claim upon which relief can be granted, and I will dismiss this case in its entirety. I will also deny as moot his motions for a preliminary injunction and for assistance in recruiting counsel.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted.

2. Plaintiff's "motion to stay or hold in abeyance restitution," Dkt. 2, is DENIED as moot.

3. Plaintiff's "motion for appointment of counsel," Dkt. 3, is DENIED as moot.

4. A strike will be recorded against plaintiff, pursuant to 28 U.S.C. § 1915(g).

5. The clerk of court is directed to close this case.

Entered this 12th day of December, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge