IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

                Plaintiff,

v.

MICHAEL A. DITTMANN, MICHAEL MEISNER,
EDWARD F. WALL, SANDY HAUTAMAKI,
DAVID MELBY, DONALD MORGAN,
MARY LEISER, JANEL NICKEL, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

ORDER

14-cv-481-jdp
App. No. 14-3780

---

Judgment was entered in this case on December 12, 2014, after I dismissed pro se plaintiff Dennis Tonn's complaint for failure to state a claim upon which relief can be granted. Dkt. 10 and Dkt. 11. Now, plaintiff has filed a notice of appeal. Dkt. 12. Because plaintiff has not paid the $505 fee for filing an appeal, I construe his notice as a request for leave to proceed *in forma pauperis* on appeal.

Under 28 U.S.C. § 1915, a district court may deny a request for leave to proceed *in forma pauperis* for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is taken in bad faith; or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed *in forma pauperis* on appeal will be denied, because I am certifying that his appeal is not taken in good faith. The Seventh Circuit has instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims that the court has already found to be without legal merit. *Lee v. Clinton*, 209 F.3d

1025, 1027 (7th Cir. 2000); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (per curiam). Plaintiff is trying to appeal the same claims on which I denied him leave to proceed, but he has not shown any legally meritorious basis for his appeal. Therefore, although I do not conclude that plaintiff is motivated by any ill will, I must certify that the appeal is not taken in good faith.

Because I am certifying that plaintiff's appeal is not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee, unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. Plaintiff must include with his motion an affidavit as described in the first paragraph of Rule 24(a), with a statement of issues he intends to argue on appeal. Also, he must submit a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal that he has previously filed. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require plaintiff to pay the full $505 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Plaintiff has also filed a motion for a certificate of appealability. Dkt. 13. So that plaintiff is aware, certification that an appeal is not taken in bad faith is not the same as a certificate of appealability. A certificate of appealability is only available to prisoners wishing to appeal unsuccessful collateral attacks on their criminal convictions and sentences, such as motions pursuant to 28 U.S.C. § 2254. Plaintiff's motion for a certificate of appealability will

therefore be denied because this case is a prisoner civil rights case, brought under 42 U.S.C. § 1983, and not a collateral attack on plaintiff's conviction or sentence.

## ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Tonn's motion for leave to proceed *in forma pauperis* on appeal, Dkt. 12, is DENIED. I certify that his appeal is not taken in good faith.

2. The clerk of court is directed to ensure that plaintiff's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial records.

3. Plaintiff's motion for a certificate of appealability, Dkt. 13, is DENIED.

Entered this 6th day of January, 2015.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge