IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

      Plaintiff,

v.

MICHAEL MEISNER, DAVID MELBY,
DONALD MORGAN, and MARY LEISER,

      Defendants.

ORDER

14-cv-481-jdp

---

  I granted *pro se* prisoner Dennis Tonn leave to proceed on a Fourteenth Amendment due process claim against defendants David Melby and Donald Morgan, for failing to have sufficient evidence to support the calculation of restitution that they ordered plaintiff to pay after he was found possessing medication that was not prescribed to him. Dkt. 24. I also granted plaintiff leave to proceed against defendants Michael Meisner, the former warden of plaintiff's prison, and Mary Leiser, a complaint examiner at plaintiff's prison. *Id.* But I denied plaintiff leave to proceed against four other defendants because he did not allege that they were personally involved in any deprivation of plaintiff's constitutional rights—a requirement for liability under 42 U.S.C. § 1983. *Id.* Plaintiff has now moved for reconsideration of my decision to dismiss these four defendants from this case. Dkt. 28.

  Plaintiff's motion for reconsideration explains that the dismissed defendants "were part of the exhaustion required in order to exhaust the administrative remedies and [they] should have corrected it." *Id.* at 2. I understand plaintiff to contend that the dismissed defendants were personally involved in the events of this case because they reviewed plaintiff's inmate complaint (or decisions dismissing that complaint). But "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation. A

guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff cannot proceed against the four dismissed defendants, and so I will deny his motion for reconsideration.

Plaintiff has also moved the court for assistance recruiting counsel. Dkt. 29. Litigants in civil cases do not have a constitutional right to a lawyer, but the court has discretion to determine whether assistance in the recruitment of counsel is appropriate in a particular case. *Pruitt v. Mote,* 503 F.3d 647, 654, 656 (7th Cir. 2007). To show that assistance in recruiting counsel is necessary, plaintiff must demonstrate that: (1) he has made a reasonable effort to obtain counsel; and (2) that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds plaintiff's demonstrated ability to prosecute it. *Id.* at 655.

As to the first requirement, plaintiff states that he has sent letters to three attorneys, but that he has not heard back from any of them. Dkt. 29, at 2. This court typically requires plaintiffs who seek assistance recruiting counsel to prove that at least three attorneys have declined to represent them by filing copies of rejection letters from these attorneys. Plaintiff has not submitted any materials from which I can verify that he has been unsuccessful in finding his own representation.

Even if plaintiff satisfies the first requirement, however, he has not demonstrated that this case will present difficulties that are beyond his abilities. At this point, plaintiff's submissions indicate that he can effectively organize and present his arguments. And this case involves a relatively straightforward, fact-based question: whether the defendants lacked evidence to support their decision to impose restitution. I will therefore deny plaintiff's

2

motion for assistance recruiting counsel. But this denial will be without prejudice to plaintiff renewing his motion at a later stage should it become clear that he is unable to litigate this action himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Tonn's motion for reconsideration, Dkt. 28, is DENIED.

2. Plaintiff's motion for assistance recruiting counsel, Dkt. 29, is DENIED without prejudice.

Entered August 26, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge