IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

                Plaintiff,

v.

MICHAEL MEISNER, DAVID MELBY,
DONALD MORGAN, and MARY LEISER,

                Defendants.

ORDER

14-cv-481-jdp

---

Defendants have filed a motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies. Dkt. 34. They contend that plaintiff never appealed the disciplinary decision that he is challenging in this case to the warden of his institution. Plaintiff has filed two briefs in oppositions to defendants' motion. Dkt. 43 and Dkt. 44.

In many prisoner lawsuits, if the plaintiff has not properly exhausted the administrative remedies available to him at his institution, then he may not bring his claims to federal court. A "failure to exhaust" is an affirmative defense that a defendant may raise at the beginning of a lawsuit before either side has put too much time or effort into it.

If a defendant wishes to obtain summary judgment on the basis of a plaintiff's failure to exhaust his *administrative* remedies—which is the case in in this lawsuit—then that defendant must file a summary judgment motion raising the issue. Because this is a narrow issue that can be decided on a narrow set of facts, the parties do not need to follow the court's Procedure On Summary Judgment, which applies to any other summary judgment motion filed in this court. Instead, the moving defendant may submit a motion, supporting affidavits, relevant exhibits, and a supporting brief.

Plaintiff may file a responsive brief, affidavits, and exhibits which must be relevant to and limited to the question whether plaintiff has adequately exhausted his administrative remedies on his claims. Plaintiff need not submit a separate document containing proposed findings of fact, so long as any material facts can be found in the supporting affidavits and exhibits.

At the time that plaintiff filed his briefs in opposition, he had not received the above description of summary judgment motions based on a failure to exhaust administrative remedies (because the court had not yet conducted the preliminary pretrial conference). And plaintiff's briefs suggest that he was not aware of the purpose that these types of motions serve. Thus, to ensure that plaintiff has an adequate opportunity to properly oppose defendants' motion, I will permit plaintiff to file a new brief.

IT IS ORDERED that plaintiff Dennis Tonn may have until October 23, 2015, to file a supplemental brief in opposition to defendants' motion for summary judgment. Defendants' reply, if any, will be due by October 30, 2015.

Entered this 30th day of September, 2015.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge