IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

          Plaintiff,

v.

MICHAEL MEISNER, DAVID MELBY,
DONALD MORGAN, and MARY LEISER,

          Defendants.

OPINION & ORDER

14-cv-481-jdp

---

    Prison officials are assessing pro se prisoner Dennis Tonn substantial restitution as part of his discipline for violating a rule against taking medication that was not prescribed to him. But plaintiff alleges that he never saw evidence to support the amount of restitution that he must now pay. I initially dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. Dkt. 10. The Seventh Circuit affirmed that dismissal in part, but it vacated my dismissal with regard to one of plaintiff's due process claims. Dkt. 23. On remand, I granted plaintiff leave to proceed with Fourteenth Amendment claims against defendants Michael Meisner, David Melby, Donald Morgan, and Mary Leiser based on allegations that they lacked evidence to support the amount of restitution that they ordered plaintiff to pay. Defendants have now moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before proceeding with this claim.

    Before bringing a claim in federal court, a prisoner must use whatever procedures his institution provides to resolve his complaint. In other words, before turning to the courts, the prisoner has to give the institution the chance to fix the problem. An inmate in Wisconsin must appeal issues relating to a disciplinary hearing to the warden of his institution, whose decision regarding the sufficiency of the evidence is final. The undisputed facts of this case

show that plaintiff appealed his discipline to the warden, but he did not ask the warden to review the amount of restitution that he was ordered to pay. And by the time that plaintiff raised the restitution issue through his prison's grievance system, staff properly rejected his inmate complaints because the deadlines for filing a grievance related to the disciplinary hearing had long since run. I must therefore grant defendants' motion for summary judgment because plaintiff has failed to exhaust his administrative remedies. I will also deny as moot plaintiff's motion to amend his request for relief. Dkt. 42.

## UNDISPUTED FACTS

From the affidavits, disciplinary records, and inmate grievance materials that the parties submitted, I determine that the following facts are undisputed.

Plaintiff is currently incarcerated at the New Lisbon Correctional Institution, but during the relevant events of this case, plaintiff was incarcerated at the Columbia Correctional Institution (CCI), located in Portage, Wisconsin. Defendants are CCI personnel who were involved in the disciplinary action that gave rise to plaintiff's complaint.

In July 2013, a correctional officer found plaintiff incoherent in his cell. Prison staff escorted plaintiff to the health services unit, and he was eventually taken to a local hospital. At the hospital, a nurse took a urine sample from plaintiff that tested positive for TCA, which is an antidepressant, and for Suboxone, which is a narcotic. One of the correctional officers who was escorting plaintiff contacted a nurse at CCI who confirmed that neither medication belonged to plaintiff and that CCI did not use Suboxone whatsoever. The officer therefore completed a conduct report identifying two potential rule violations: (1) "misuse of

prescription medication"; and (2) "use of intoxicants." Dkt. 38-1, at 2. The conduct report suggested that the officer did not think that plaintiff was guilty of using intoxicants.

On July 29, 2013, defendant Melby held a disciplinary hearing to address these rule violations, and he ultimately found plaintiff guilty of misusing prescription medication (he found plaintiff not guilty of using intoxicants). Melby based his decision on the conduct report, statements that plaintiff made during the hearing, and plaintiff's staff advocate's written statement. Melby ordered plaintiff to serve 90 days in disciplinary segregation and to pay $1,350 in restitution. In the written explanation for Melby's decision, he wrote that "[i]t should be noted that the hearing committee determined the restitution amount based on other inmate's [sic] DSH trips under similar circumstances." *Id.* at 6. I understand this notation to explain that the hearing committee estimated the cost of plaintiff's hospital visit by using information about the costs that other inmates had incurred after going to the hospital under similar circumstances. Defendant Morgan approved Melby's decision.

Plaintiff pursued two immediate challenges to the disciplinary decision. The first was a direct appeal to defendant Meisner, then warden of CCI. Plaintiff objected to the guilty finding, arguing that "2 drugs found one was 303.59 not guilty (suboxone) not found in CCI." *Id.* at 9. Plaintiff also objected to the punishment that he received, writing: "finding of guilty, both drugs in blood at one time. (Suboxone is not in CCI) shown to me (no proof of how it was separated)." *Id.* Meisner affirmed the decision and sentence on September 21, 2013.

Plaintiff made a second challenge through a request that he filed with the corrections complaint examiner (CCE) on July 30, 2013, before receiving the decision from Meisner on his direct appeal to the warden. In this second challenge, plaintiff repeated his arguments

3

about Suboxone not being present at CCI, and he asserted that although the substance was found in his blood, he had never seen "a chart or paper work on the proof." Dkt. 37-4, at 2. Plaintiff also contended that "the determin[ation] on restitution by other inmates is not right." *Id.* at 3. The CCE returned the complaint to plaintiff two weeks later, explaining that he could use the Inmate Complaint Review System (ICRS) to challenge only the procedures used in the disciplinary process, and that any ICRS complaint must begin at the institution level with an institution complaint examiner (ICE), not with the CCE.

Eight months later, plaintiff began a new round of challenges to the restitution amount by filing two grievances through the ICRS: CCI-2014-7263 and CCI-2014-7266. In the first grievance, plaintiff asserted that his due process rights were being violated because he was being forced to pay restitution even though there was no court order requiring him to do so. Plaintiff also contended that prison officials based his restitution amount on other inmates' trips to the hospital rather than on evidence of the actual amount that the institution lost in plaintiff's case. The ICE returned the grievance materials to plaintiff so that he could provide additional information, which plaintiff did. The ICE then rejected the grievance, indicating that plaintiff had submitted his inmate complaint more than 14 days after the disciplinary hearing, and so his grievance was not timely. Plaintiff appealed this decision to the warden, who determined that the ICE had properly rejected plaintiff's inmate complaint as untimely

In the second grievance, plaintiff asserted that his double jeopardy rights were violated by having to pay restitution after serving 90 days of disciplinary segregation. Plaintiff again alleged that he had never seen evidence to support the restitution amount. As before, the ICE ultimately rejected this inmate complaint because plaintiff had submitted it more than 14

days after the disciplinary hearing. Plaintiff again appealed to the warden, who again determined that the ICE had properly rejected plaintiff's inmate complaint.

ANALYSIS

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has applied "the PLRA's exhaustion requirement . . . to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (internal citations omitted). To properly exhaust a claim, "the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Failure to exhaust is an affirmative defense, which defendants have the burden of proving. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

To challenge a disciplinary decision, an inmate in Wisconsin must file an appeal to the warden of his institution within 10 days after the disciplinary hearing occurs or after the inmate receives the decision. Wis. Admin. Code DOC § 303.76(7)[1]; *see also Lindell v. Frank*, No. 05-cv-003, 2005 WL 2339145, at *1 (W.D. Wis. Sept. 23, 2005). The warden's

---

[1] Wisconsin renumbered chapter 303 of its administrative code in December 2014. Thus, I will cite to provisions of the code as they appeared in 2013, when the relevant events of this case occurred.

decision regarding the sufficiency of the evidence is final, although the inmate may appeal procedural errors using the ICRS. Wis. Admin. Code DOC § 303.76(7)(d). Under the ICRS, the inmate must file a complaint with the ICE within 14 calendar days after the occurrence giving rise to the complaint. *Id.* § 310.09(6). After the ICE reviews the complaint, he or she recommends action to a reviewing authority. *Id.* § 310.11(4), (11). The reviewing authority then makes a decision within 10 working days of receiving the recommendation. *Id.* § 310.12. Inmates unsatisfied with a reviewing authority's decision may appeal that decision to the CCE, who makes a recommendation to the office of the secretary, which ultimately accepts, rejects, or returns the recommendation to the CCE. *Id.* §§ 310.13-.14.

Defendants contend that plaintiff's claims in this case challenge the sufficiency of the evidence that supported his discipline: specifically, the issue is whether prison officials had evidence to justify the restitution amount that they imposed. To exhaust administrative remedies for this type of challenge, an inmate must "raise any issue related to a conduct report at the disciplinary hearing on the report and again on appeal to the warden." *Baker v. Faltynski*, No. 12-cv-125, 2014 WL 713132, at *4 (W.D. Wis. Feb. 25, 2014). Defendants assert that they are entitled to summary judgment because plaintiff did not challenge the basis for the restitution amount in his appeal to the warden. Plaintiff's briefs do not respond to the point. *See generally* Dkt. 43; Dkt. 44; Dkt. 49. Instead, plaintiff appears to suggest that by simply appealing his entire disciplinary decision to the warden, and by filing inmate complaints that were eventually reviewed by a different warden, he has exhausted his administrative remedies. *See* Dkt. 49. But it is not enough that plaintiff raised some appeal of his discipline. To exhaust his administrative remedies, he had to raise the specific issue. Here, defendants are challenging *the substance* of plaintiff's appeals and inmate complaints (i.e.,

6

what he argued or failed to argue).

In plaintiff's appeal to defendant Meisner, he did not mention restitution other than to list it as a punishment that he received. Dkt. 38-1, at 9. The reasons that plaintiff gave for his appeal related to the lack of proof of Suboxone being in his blood and the lack of an explanation for how the drug got into CCI when the institution did not use it at all. *Id.* Plaintiff did not challenge the amount of restitution, nor did he raise concerns over how prison officials calculated restitution and whether they had proof to support that calculation. *Id.* An inmate does not need to lay out detailed facts, articulate legal theories, or demand particular relief to exhaust his administrative remedies, but he must "object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). ). "[T]he standard is whether the offender complaint would put an official on notice of the plaintiff's claim." *Wille v. Pugh*, No. 13-cv-1024, 2015 WL 5254532, at *6 (E.D. Wis. Sept. 9, 2015). Here, plaintiff's appeal to Meisner did not "object intelligibly" to the restitution order or put Meisner on notice of any alleged problem with how the disciplinary committee calculated restitution. Plaintiff's appeal did not give the warden the chance to fix the restitution evidence problem. Thus, plaintiff's appeal did not fulfill his obligation to exhaust his administrative remedies before filing a lawsuit in federal court.

This leaves plaintiff's inmate complaints. Defendants contend that plaintiff's sufficiency of the evidence issue was outside the scope of the ICRS, and so he did not need to use (and, in fact, could not use) an ICRS complaint to exhaust his administrative remedies. *See* Wis. Admin. Code DOC § 310.08(2) ("An inmate may not use the ICRS to raise the following issues: (a) Any issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303."). But even if inmate complaints

7

*could* exhaust administrative remedies for substantive challenges to a disciplinary decision—I construe plaintiff's brief as arguing that they could—plaintiff's ICRS submissions did not do so in this case.

Plaintiff first raised the issue of restitution in his request for a CCE to review his disciplinary decision. Dkt. 37-4, at 3. But a return letter from the CCE correctly explained that plaintiff's request was inappropriate for two reasons: (1) appeals of a disciplinary decision needed to be made to the warden, not to the CCE; and (2) ICRS complaints needed to be raised first at the institution level (that is, with the ICE), and then follow the procedures for review before being sent to the CCE. *Id.* at 1.

Plaintiff waited for eight months before raising the issue again through his inmate complaints. But by that time, more than 14 days had passed since plaintiff's disciplinary hearing, which was the event that gave rise to his grievances. The ICE therefore rejected plaintiff's inmate complaints as untimely, pursuant to Wis. Admin. Code DOC § 310.11(5)(d). Dkt. 37-2, at 2 and Dkt. 37-3, at 2. Plaintiff appealed these rejections, contending that the critical date was five days before he filed his grievances, when he received an answer to his information request asking why he was being charged restitution. Dkt. 37-2, at 13 and Dkt. 37-3, at 14. The reviewing authority determined that the ICE had properly rejected plaintiff's complaints as untimely. Dkt. 37-2, at 4 and Dkt. 37-3, at 4. Plaintiff has not disputed these determinations in this case, nor has he explained how his inmate complaints were timely even though they challenged the lack of evidence at a hearing that occurred over eight months earlier. The written decision from plaintiff's disciplinary hearing expressly indicated that he would be charged $1,350 in restitution, Dkt. 38-1, at 6, and plaintiff listed the punishment in his appeal to the warden, *id.* at 9. Thus, plaintiff cannot

8

plausibly contend that he did not learn of the restitution until after receiving answers to his information requests.

To properly exhaust an issue, an inmate must follow the administrative procedures for filing complaints, including filing those complaints within the applicable time limits. *Pozo*, 286 F.3d at 1023; *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison's administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted."). Thus, when an ICE rejects an inmate complaint as untimely, that complaint does not exhaust the inmate's administrative remedies. *Clark v. Spittle*, No. 04-cv-119, 2004 WL 770967, at *1 (W.D. Wis. Apr. 6, 2004). And, unfortunately for the inmate, there is no way to revive the issue once the deadlines have passed.

Plaintiff's direct appeal of his discipline to his warden did not raise the issue that he now seeks to litigate. And prison officials properly rejected his other efforts to raise concerns about the restitution amount through the ICRS. Plaintiff has therefore failed to exhaust his administrative remedies and cannot proceed against defendants with a claim regarding the lack of evidence to support the restitution that they ordered him to pay. I will grant defendants' motion for summary judgment and dismiss this case without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009). Although the dismissal is technically without prejudice, it is unlikely that plaintiff will ever be able to exhaust his administrative remedies. Plaintiff's motion to amend his request for relief is moot because I will close this case as a result of my ruling on defendants' motion.

One last comment. Plaintiff bungled his opportunity to challenge the $1,350 restitution within the appeal and grievance systems in his correctional institution, which

Case: 3:14-cv-00481-jdp Document #: 53 Filed: 12/07/15 Page 10 of 10

means that he will not get the chance to air the issue in court. That's too bad. The alleged cost—$1,350—is not so high to be patently unreasonable, but it is a lot of money for an inmate in plaintiff's spot. So I do not blame him for wanting to make sure that the amount of restitution actually reflects the out-of-pocket expense to the prison, which is what defendants would have had to show had this case reached the merits. Based on the record so far, it looks like CCI just ballparked the cost of plaintiff's hospitalization based on comparisons with other episodes, under some unspecified "similar circumstances." That would not satisfy me any more than it satisfied plaintiff. A better practice would be to document the institution's actual out-of-pocket expenses and explain the calculation to the inmate.

ORDER

IT IS ORDERED that:

1. Defendants Michael Meisner, David Melby, Donald Morgan, and Mary Leiser's motion for summary judgment for failure to exhaust administrative remedies, Dkt. 34, is GRANTED. This case is dismissed without prejudice.

2. Plaintiff Dennis Tonn's motion to amend request for relief, Dkt. 42, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered December 7, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge