IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TONN,

    Plaintiff,

v.

MICHAEL MEISNER, DAVID MELBY,
DONALD MORGAN, and MARY LEISER,

    Defendants.

ORDER

14-cv-481-jdp

---

In this case, pro se prisoner Dennis Tonn is challenging a disciplinary decision ordering him to pay restitution for a rule violation. I granted defendants Michael Meisner, David Melby, Donald Morgan, and Mary Leiser's motion for summary judgment because the undisputed facts of this case established that plaintiff failed to exhaust his administrative remedies for these claims. Dkt. 53. I concluded that plaintiff failed to challenge the amount of restitution in his direct appeal of the disciplinary decision. I further concluded that by the time that plaintiff raised the issue through his institution's grievance system eight months later, he had long since passed the 14-day deadline for filing a grievance related to his disciplinary hearing. Plaintiff has moved for reconsideration of my summary judgment decision. Dkt. 57. I will deny his motion.

I must address a preliminary question of jurisdiction because plaintiff has also filed a notice of appeal, Dkt. 58, and a motion for a certificate of appealability, Dkt. 59. I have jurisdiction to rule on plaintiff's motion for reconsideration because he filed it before submitting his notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448, 450 (7th Cir. 1997) ("[A] notice of appeal is rendered ineffective while certain specified motions are pending before the district court."). With

regard to plaintiff's motion for a certificate of appealability, I explained to plaintiff in a previous order that a certificate of appealability is available only to prisoners who want to appeal unsuccessful collateral attacks on their criminal convictions and sentences, such as through a motion under 28 U.S.C. § 2254. Dkt. 18, at 2-3. I will deny plaintiff's motion for a certificate of appealability because this is a prisoner civil rights case, brought under 42 U.S.C. § 1983, and not a collateral attack on plaintiff's conviction or sentence.

Plaintiff contends that I should reconsider my ruling on defendants' motion for summary judgment because I have: (1) patently misunderstood his arguments; (2) made a decision outside the adversarial issues that the parties presented; and (3) made an error not of reasoning but of apprehension. Dkt. 57, at 1, 3. Specifically, plaintiff argues that the 14-day limit for filing inmate grievances does not apply to ongoing problems. *See Simpson v. Greenwood*, No. 06-cv-612, 2007 WL 5445538, at *6 (W.D. Wis. Apr. 6, 2007) ("Although Wis. Admin. Code § DOC 310.09(6) imposes a 14-day deadline for grievances, this deadline should not have any application to ongoing problems."). Plaintiff contends that his problem is ongoing because he is still being charged restitution as a result of the disciplinary decision. Thus, according to plaintiff, his inmate grievances were timely even though he filed them eight months after the disciplinary hearing.

Plaintiff's arguments do not require that I reconsider my earlier ruling. I did not misunderstand plaintiff's position at summary judgment, nor has he demonstrated that I made an error of apprehension.[1] Indeed, I addressed the issue of whether plaintiff's grievances were timely in the summary judgment order. *See* Dkt. 53, at 7-9. I explained that

---

[1] Defendants briefed the issue of whether plaintiff's inmate complaints were timely. Dkt. 35, at 8-10. Thus, contrary to plaintiff's contention, I did not make a decision outside the adversarial issues presented.

in this case, plaintiff is challenging the constitutionality of a disciplinary decision that occurred in July 2013. *Id.* at 8. The monthly payments that plaintiff is now making as a result of that decision are different from the ongoing constitutional violations that were at issue in *Simpson*, the case on which plaintiff relies. In *Simpson*, a prisoner complained that his guards were violating his right to privacy by accompanying him to medical examinations and by distributing his medication to him rather than allowing a nurse to provide the medication. 2007 WL 5445538, at *2. The court granted summary judgment to the defendants because the prisoner had not exhausted his administrative remedies. *Id.* at *6. But the court explained that if guards *continued* to go into examinations with the prisoner, or if they *continued* to distribute the prisoner's medication to him, then these would be ongoing constitutional violations, and plaintiff could file a new grievance. *Id.*

In this case, I granted plaintiff leave to proceed with a procedural due process claim alleging that prison officials did not have evidence to support the restitution that they ordered plaintiff to pay after a disciplinary hearing. Dkt. 24. When plaintiff appealed my initial dismissal of his complaint, this was the only claim that the Seventh Circuit reinstated. *See* Dkt. 23-1. Thus, the constitutional violation that plaintiff is challenging in this case occurred (that is, it began and ended) in July 2013—it is not ongoing. Plaintiff knew of the restitution because it was expressly stated in the written decision from his disciplinary hearing, Dkt. 38-1, at 6, and plaintiff listed the punishment in his direct appeal to the warden, *id.* at 9.

As a final point, plaintiff also complains that he did not receive "a *Pavey* hearing" to show that defendants are wrong in their contention that plaintiff failed to exhaust his administrative remedies. Dkt. 57, at 2-3 (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir.), *as*

*amended on denial of reh'g and reh'g en banc*, (Sept. 12, 2008)). But the issue in *Pavey* was whether prisoners have a Seventh Amendment right to try factual disputes about exhaustion of administrative remedies to a jury. 544 F.3d at 740. The Seventh Circuit concluded that prisoners have no such rights, holding "that not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right." *Id.*

Even if *Pavey* requires some sort of hearing to resolve factual disputes, there were no disputes to resolve in this case. Defendants' motion for summary judgment turned on undisputed facts: the dates of plaintiff's disciplinary hearing, direct appeal, and inmate complaints, and the substance of the appeals and grievances that he filed with prison officials. Plaintiff did not argue at summary judgment—and he does not argue now—that defendants' timeline of the relevant events in this case is wrong. Plaintiff also does not dispute that the inmate grievances that defendants submitted at summary judgment are authentic. Thus, it was not necessary to hold a hearing on defendants' motion for summary judgment.

## ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Tonn's motion for reconsideration, Dkt. 57, is DENIED.
2. Plaintiff's motion for a certificate of appealability, Dkt. 59, is DENIED.

Entered January 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge